# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON SPRAGGINS,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF MISSISSIPPI,<br><br>　　　　　　　　　Defendant. | CASE NO. 11CV983 MMA (JMA)<br><br>**ORDER:**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO PROCEED IFP;**<br><br>[Doc. No. 2]<br><br>**(2) DISMISSING COMPLAINT** |

Plaintiff Don Spraggins, proceeding *pro se*, filed this action against Defendant the State of Mississippi, alleging violations of his civil rights under 42 U.S.C. section 1983. [Doc. No. 1.] Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] For the reasons set forth below, the Court **DENIES** the motion to proceed IFP, and **DISMISSES** Plaintiff's Complaint.

## DISCUSSION

**I. Motion to Proceed IFP**

The Court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the requisite filing fee. 28 U.S.C. § 1915(a). A request to proceed IFP, however, may be denied

where it appears on the face of the complaint that the action is frivolous. 28 U.S.C. § 1915(e)(2); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The State of Mississippi is the only named defendant in the caption of Plaintiff's Complaint. Plaintiff cannot pursue his claims against the State of Mississippi because it is not a proper defendant under the Civil Rights Act, 42 U.S.C. section 1983. *Hurst v. State of Cal.*, 451 F.2d 350, 351 (9th Cir. 1971). Also, Plaintiff names Tillmon Bishop as a defendant in the factual allegations section of his Complaint. Although not entirely clear, it appears Plaintiff alleges Bishop is a clerk of the court in Mississippi, and that the clerk accepted payments related to document that were filed in a case heard in Mississippi. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1387 (9th Cir.1987) (citing *Bivens*, 403 U.S. at 388), *cert. denied*, 486 U.S. 1040 (1988). Where a clerk files a document with the court, he or she is entitled to quasi-judicial immunity for such actions, provided the acts complained of are within the clerk's jurisdiction. *Id*. Plaintiff does not allege Bishop otherwise acted "in the clear absence of all jurisdiction." *Id.*

Thus, Plaintiff's action against the State of Mississippi and the court clerk lack an arguable basis in law. *See Neitzke*, 490 U.S. at 327 ("claims against which it is clear that the defendants are immune" are legally meritless for section 1915(e)(2) purposes). Denial of his request to proceed IFP is therefore proper under section 1915(e)(2). Moreover, the record indicates Plaintiff does not satisfy the indigency requirements of section 1915(a), as he is employed and has a take-home salary of approximately $1,000 per month. Plaintiff also receives V.A. disability in an amount of $120 per month.

**II. Venue**

Additionally, Plaintiff has commenced his action in the wrong district. In a civil action where jurisdiction is not founded solely on diversity of citizenship, the action may be brought only in:

(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."

28 U.S.C. § 1391(b).

This action cannot proceed in this judicial district because Plaintiff has filed suit against the State of Mississippi, which cannot reside and cannot be found in this district. And even if the Court construes Plaintiff's complaint broadly to include Bishop as a defendant, the Complaint alleges Bishop resides in Lincoln, Mississippi. Moreover, the allegations contained in the Complaint give no indication that the events giving rise to the claim arose in the Southern District of California.

Where a plaintiff has commenced a civil action in the wrong district, the court " shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. 1406(a). Transfer is not appropriate because Plaintiff only alleges section 1983 claims against the State of Mississippi which is not a proper defendant, and against a clerk who, based upon the allegations in the complaint, is entitled to quasi-judicial immunity from civil liability. *Hurst v. State of Cal.*, 451 F.2d at 351; *Mullis,* 828 F.2d at 1390.

## CONCLUSION

Accordingly, for the reasons stated above, the Court **ORDERS**:

(1) Plaintiff's Motion to Proceed *In Forma Pauperis* is **DENIED**; and

(2) Plaintiff's Complaint is **DISMISSED** without leave to amend because venue is not proper in the Southern District. The Clerk of Court is instructed to terminate this case.

**IT IS SO ORDERED.**

DATED: June 29, 2011

Hon. Michael M. Anello
United States District Judge